**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES M. BISUANO,

        Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 13-35687

D.C. No. 2:12-cv-00090-CI

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Cynthia Imbrogno, Magistrate Judge, Presiding

Submitted July 21, 2014[**]

Before: HUG, FARRIS, and CANBY, Circuit Judges.

    Charles M. Bisuano appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Act. Bisuano contends that the administrative law judge ("ALJ") erred in finding treating Nurse Practitioner Diane Beernink a non-acceptable medical source and in giving little weight to her opinion that he was limited to sedentary work. Bisuano also contends that the ALJ erred in misstating Bisuano's age at the date of onset, and in relying on a single decisionmaker's opinion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.* Where evidence is susceptible to more than one rational interpretation, we "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Id.* at 1111.

Bisuano's contentions that the ALJ erred in finding Beernink a non-acceptable medical source, in giving little weight to her residual functional capacity ("RFC") opinion, and in rejecting her opinion in light of medical evidence in the record, lack merit. Substantial evidence supports the ALJ's finding that Beernink was not an acceptable medical source, because there is no evidence in the record that she was being closely supervised by a doctor when she performed the physical evaluation at which she rendered her RFC opinion. *Id.* at 1111-12*; 20*

2

C.F.R. §§ 404.1513(a) and (d), 416.913(a) and (d); Social Security Ruling 06-03p, 2006 WL 2329939 at *2 (Aug. 9, 2006). The ALJ's finding that Beernink's physical examination did not support her opinion, and his citation of discrepancies between her observations and assessment of Bisuano's abilities, constitute germane reasons for giving little weight to Beernink's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Molina,* 674 F.3d at 1111. In addition, the ALJ's finding that other objective medical evidence in the record does not support Beernink's opinion is supported by reasonable inferences. *Id.* at 1111.

Bisuano correctly contends that the ALJ misstated his age on the alleged onset date as 48 rather than 52 years old. However, his contention that if he was limited to sedentary work at age 52 he would be found disabled lacks merit, because the ALJ's finding that Bisuano could perform light, rather than sedentary, work was supported by substantial evidence. *Molina*, 674 F.3d at 1110.

Bisuano waived his argument that the ALJ erred in relying upon the opinion of single decisionmaker Keith Perron, because he did not sufficiently argue it before the district court or this court. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006); *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

3

**AFFIRMED.**